# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY TALMADGE LIVINGSTON,<br><br>        Plaintiff,<br><br>v.<br><br>MERLYN WILLIAMS,<br><br>        Defendant. | Civil Action No.<br><br>24-1056 (CCC) (LDW)<br><br>**ORDER VACATING DEFAULT** |

    **THIS MATTER** having come before the Court by way of defendant Merlyn Williams' Motion to Vacate Clerk's Entry of Default (ECF No. 19); and

    **WHEREAS** in a complaint filed March 8, 2024, *pro se* plaintiff Bradley Talmadge Livingston alleges that defendant Williams "destroyed my mail and throwing away my important documents and belongings looking through my personal information." (ECF No. 1); and

    **WHEREAS** Williams was served with the summons and complaint on April 14, 2024, making her answer due on May 6, 2024. (ECF No. 13); and

    **WHEREAS** *pro se* plaintiff requested Clerk's Entry of Default against defendant Williams, and the Clerk of Court entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on May 7, 2024, one day after her answer was due. (ECF No. 14); and

    **WHEREAS** *pro se* plaintiff moved for entry of Default Judgment one day later, on May 8, 2024. (ECF No. 8); and

    **WHEREAS** on June 1, 2024, less than one month after her answer was originally due, defendant appeared by counsel and filed the instant Motion to Vacate Default. (ECF No. 19); and

**WHEREAS** by letter dated June 1, 2024, *pro se* plaintiff opposes vacatur "due to the disorderly conduct of defendant," by which the Court understands plaintiff to be accusing defendant of dodging service of process. (ECF No. 20); and

**WHEREAS** pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause."; and

**WHEREAS** the decision whether to set aside entry of default rests within the Court's discretion, and that discretion is guided by the Third Circuit's strong preference that cases be decided on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) ("[T]his court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." (quotation omitted)); and

**WHEREAS** the Court considers four factors to determine whether good cause exists to vacate default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); and

**WHEREAS** this action has been pending for only three months, and there is no suggestion that vacating default at this early stage and requiring *pro se* plaintiff to pursue the action on the merits would prejudice him in any way; and

**WHEREAS** defendant has proffered several potentially meritorious defenses, namely that the complaint fails to state a claim for any cognizable civil cause of action or provide a basis for federal subject matter jurisdiction. (Cintron Cert. ¶¶ 9-19, ECF No. 19-3); and

**WHEREAS** defendant's delay in retaining counsel and responding to the complaint was caused by financial difficulties, (*Id.* ¶ 22), which the Court finds to be excusable and not the result of bad faith or culpable conduct; and

**WHEREAS** there is no need to impose any alternative sanctions given the brief duration of defendant's delay in appearing and the lack of prejudice to *pro se* plaintiff; and

**WHEREAS** having considered the Certification of Mark J. Cintron in support of the Motion to Vacate Default, *pro se* plaintiff's June 1, 2024 opposition, (ECF No. 20), as well as three letters from plaintiff dated June 1 and 2, 2024, (ECF Nos. 21, 22, 23), the Court finds good cause to vacate default; therefore,

**IT IS** on this day, June 5, 2024, **ORDERED** that:

1. Defendant's Motion to Vacate Entry of Default (ECF No. 19) is **GRANTED**.
2. Plaintiff's Motion for Default Judgment (ECF No. 15) is **TERMINATED AS MOOT**.
3. Defendant shall answer, move, or otherwise respond to the complaint on or before **June 14, 2024**.
4. The Clerk of Court is directed to serve a copy of this Order on *pro se* plaintiff by U.S. Mail.

        *s/ Leda Dunn Wettre*
        Hon. Leda Dunn Wettre
        United States Magistrate Judge