UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRADLEY TALMADGE LIVINGSTON,** <br><br> Plaintiff, <br><br> vs. <br><br> **MERLYN WILLIAMS**, <br><br> Defendant. | Civil Action No. <br><br> 24-cv-01056-CCC-SDA <br><br> **OPINION & ORDER** |

**STACEY D. ADAMS, United States Magistrate Judge**

This matter comes before the Court upon the motion of *pro se* Plaintiff Bradley Livingston's ("Livingston" or "Plaintiff") for recusal of the undersigned. (ECF No. 90). He appears to have submitted a brief in support of this motion at ECF No. 89. No opposition was filed. The Court has considered Plaintiff's submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, and good cause shown, Plaintiff's Motion is DENIED.

## BACKGROUND

Plaintiff currently has nine cases pending in the District of New Jersey, four of which are before Magistrate Judge Stacey D. Adams. *See Livingston v. Williams* (24-cv-1056 (CCC) (SDA)), *Livingston v. City of Englewood New Jersey* (24-cv-6396 (JKS) (SDA)), *Livingston v. Hibbert-Livingston* (24-cv-1216 (MCA) (SDA)), *Livingston v. Garda World, LLC et al.* (23-cv-23006 (JXN) (SDA)), *Livingston v. Securitas Critical Infrastructure Services, Inc.* (24-cv-5838 (MEF) (AME)), *Livingston v. UBER et al* (24-cv-5839 (EP) (JRA)), *Livingston v. Borough of Elmwood Park* (24-cv-1210 (EP) (CLW)), *Livingston v. Gallina et al* (24-cv-8862 (SDW) (JBC)), *Livingston*

*v. Thrive at Montvale et al* (23-cv-23004) (JKS) (JBC)). Mr. Livingston is currently seeking Her Honor's recusal in all four of the cases before her. *See Williams* (ECF No. 90), *Englewood (*ECF No. 42), *Hibbert-Livingston* (ECF No. 81), *Garda World, LLC et al.* (ECF No. 121).[1]

Plaintiff seeks recusal of Judge Adams claiming she "is biased and prejudiced against the plaintiff Bradley Livingston and that she is biased and prejudiced in the context of the case, all as more particularly appears in the Affidavit of Bias and Prejudice submitted herewith." (ECF No. 90). No affidavit was submitted, but in his accompanying letter, Mr. Livingston claims his motion is based on 28 U.S.C. § 144 and then regurgitates the first half of the statute. (ECF No. 89). He provides no factual basis or explanation as to why Judge Adams is allegedly biased or prejudiced. Plaintiff's letter concludes with the state "The Bible verse that states God will punish those who persecute you is 2 Thessalonians 1:6: 'in his justice he will pay back those who persecute you.'" (*Id.*).[2]

## LEGAL STANDARD

Under 28 U.S.C. § 144, recusal is within the sound discretion of the trial court judge. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). Under Section 144, a judge must recuse herself if a party files a "timely and sufficient affidavit" establishing that the judge has a "personal

---

[1] Mr. Livingston filed an identical Motion for the Recusal of District Judge Jamel K. Semper, with the same conclusory reasoning, in *Englewood*. (ECF No. 47). Mr. Livingston sought leave to file a motion to recuse both Magistrate Judge Jose R. Almonte and District Judge Evelyn Padin in *Uber* (although he never actually filed a motion to recuse Judge Almonte) (ECF Nos. 38, 42-44). His motion to recuse Judge Padin was denied. (ECF No. 64). In *Elmwood*, Mr. Livingston sought leave to file a Motion for Recusal of Judge Padin (ECF No. 42).

[2] While outside the scope of the current motion, the Court notes that Plaintiff also filed a Complaint of Judicial Misconduct against Judge Adams. (J.C. No. 03-24-90145). Plaintiff stated that the complaint was based on "multiple cases of denied motions and drawing conflict to opposing party." Plaintiff also attached multiple CM/ECF Notifications for denials of motions to compel and a motion for summary judgment she submitted. (ECF Nos. 71, 79, 92).

bias or prejudice against the party seeking recusal, or in favor of the adverse party."³ 28 U.S.C. § 144. In order to succeed on the recusal motion, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

The movant must generally rely on extrajudicial conduct in order to demonstrate bias. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Id.*; s*ee also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .").

## **DISCUSSION**

As an initial matter, Livingston's motion under Section 144 fails because he summarily states that Judge Adams is biased or prejudiced without providing any basis for this assertion. If Plaintiff is unhappy with the progression of this litigation to date, or with the outcome of applications he has filed with the Court, that alone is not a basis for recusal. *See In re TMI Litig.*,

---

³ When a party makes a motion pursuant to Section 144 another judge must rule on the recusal motion so long as the supporting affidavit meets the "sufficiency test." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 n.12 (3d. Cir. 2003). The Court is satisfied that the supporting affidavit does not meet the "sufficiency test," and, hence, may be ruled upon by the undersigned.

193 F.3d 613, 729 (3d Cir. 1999) ("adverse rulings do not warrant disqualification"); *Smith v. Vidonish*, 210 F. App'x 152, 155 (3d Cir. 2006) (holding that conclusory statements in a recusal affidavit need not be credited).

Plaintiff provides no true bases for recusal and does not point to any extrajudicial conduct sufficient to justify recusal. His affidavit fails to state any facts or reasons "for his belief that a bias or prejudice exists" as is required under 28 U.S.C. § 144. Mr. Livingston's motion and affidavit exhibit, at best, mere dissatisfaction with the Court's prior rulings and routine and discretionary case administration decisions, and do not demonstrate the type of personal animus or high degree of favoritism necessary to justify recusal. Additionally, judicial remarks even those that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555.

Here, Judge Adams has no bias or prejudice against any party and will decide matters presented to her fairly and impartially consistent with governing law and Court rules. Accordingly, there is no basis for recusal.

## CONCLUSION

Accordingly, for the foregoing reasons, and for good cause shown, **IT IS** on this 2nd day of April, 2025, **ORDERED** that Plaintiff's Motion for Recusal (ECF No. 90) is **DENIED**. The Clerk of Court is respectfully requested to terminate the Motion at ECF No. 90.

**SO ORDERED.**

**Dated: April 2, 2025**

*s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge